TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

JOSEPH W. CRUSHAM, Trial Attorney (CA Bar No. 324764)
Wildlife & Marine Resources Section
YOUNG A. KANG, Trial Attorney (FL Bar No. 1025505)
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 307-1145 (Crusham)
Email: joseph.crusham@usdoj.gov
Phone: (202) 514-2415 (Kang)
Email: young.kang@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation,<br><br>　　*Plaintiffs*,<br><br>　　　　v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, TRACY STONE-MANNING, Director of the Bureau of Land Management, and JON RABY, Nevada State Director of the Bureau of Land Management,<br><br>　　*Federal Defendants.* | Case No. 3:23-cv-00568-ART-CSD<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

　　　　Pursuant to Fed. R. Civ. P. 8(b), Defendants the United States Department of the Interior, the Bureau of Land Management ("BLM"), Tracy Stone-Manning, in his official capacity as Director of the Bureau of Land Management, and Jon Raby, in his official capacity as Nevada State Director for BLM (collectively, "Federal Defendants"), submit the following Answer in response to Plaintiffs' Complaint, Dkt 1. The numbered paragraphs of Federal Defendants'

1

Answer correspond to the numbered paragraphs of Plaintiffs' Complaint.

1. Federal Defendants admit the allegations in the first sentence of Paragraph 1. The allegations in the second sentence of Paragraph 1 are a characterization of Plaintiffs' action and are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 1. The allegations in the third sentence of Paragraph 1 purport to characterize the provisions of the Wild Free-Roaming Horses and Burros Act ("WFRHBA") and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the WFRHBA and the regulations. Federal Defendants deny the allegations in the fourth and fifth sentences of Paragraph 1.

2. Federal Defendants admit the allegations in the first, second, third, and fourth sentences of Paragraph 2. The allegations in the fifth sentence of Paragraph 2 purport to characterize the provisions of the WFRHBA, the National Environmental Policy Act ("NEPA"), related regulations,[1] and a federal court opinion, all of which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statutes, regulations, and opinion. Federal Defendants deny the allegations in the sixth sentence of Paragraph 2.

3. The allegations in Paragraph 3 are a characterization of Plaintiffs' action and state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 3.

4. The allegations in Paragraph 4 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 4.

---

[1] Plaintiffs refer to 43 C.F.R. § 1505.3 in this paragraph and at various times in their Complaint. The cited regulation does not appear to exist, and Federal Defendants assume that Plaintiffs intended instead to refer to 40 C.F.R. § 1505.3, which is a NEPA regulation.

5. The allegations in Paragraph 5 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 5.

6. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 and deny the allegations on that basis.

7. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7 and deny the allegations on that basis.

8. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 and deny the allegations on that basis.

9. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 and deny the allegations on that basis.

10. The allegations in Paragraph 10 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 10.

11. The allegations in the first and second sentences of Paragraph 11 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first and second sentences of Paragraph 11. Federal Defendants deny the allegations in the third sentence of Paragraph 11.

12. Federal Defendants admit the allegations in Paragraph 12.

13. Federal Defendants admit the allegations in Paragraph 13.

14. Federal Defendants admit the allegations in Paragraph 14.

15. The allegations in Paragraph 15 purport to characterize the provisions of the WFRHBA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the WFRHBA.

16. The allegations in Paragraph 16 purport to characterize the provisions of the WFRHBA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the WFRHBA.

17. The allegations in the first, second, and third sentences of Paragraph 17 purport to characterize the provisions of the WFRHBA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the WFRHBA. The remaining allegations purport to characterize the opinion issued in *Dahl v. Clark*, 600 F. Supp. 585, 592-95 (D. Nev. 1984), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinion.

18. The allegations in Paragraph 18 purport to characterize the provisions of the WFRHBA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the WFRHBA and its regulations.

19. The allegations in Paragraph 19 purport to characterize the provisions of the WFRHBA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the WFRHBA regulations.

20. The allegations in Paragraph 20 purport to characterize the provisions of the WFRHBA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the WFRHBA regulations.

21. The allegations in Paragraph 21 purport to characterize the provisions of the WFRHBA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the WFRHBA regulations.

22. The allegations in Paragraph 22 purport to characterize the provisions of the WFRHBA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the WFRHBA regulations.

23. The allegations in Paragraph 23 purport to characterize the provisions of the WFRHBA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the WFRHBA.

24. The allegations in Paragraph 24 purport to characterize the provisions of the WFRHBA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the WFRHBA regulations.

25. The allegations in Paragraph 25 purport to characterize the provisions of the BLM's Wild Horse and Burros Management Handbook H-4700-1, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the BLM's handbook.

26. The allegations in the first sentence of Paragraph 26 purport to characterize the provisions of the BLM's Wild Horse and Burros Management Handbook H-4700-1, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language BLM's handbook. The allegations in the second and third sentences of Paragraph 26 are hypothetical and speculative and Federal Defendants deny them on that basis. The allegations in the fourth sentence of Paragraph 26 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the fourth sentence of Paragraph 26. The allegations in the fifth sentence of Paragraph 26 are vague and ambiguous and Federal Defendants deny them on that basis.

27. The allegations in Paragraph 27 purport to characterize the provisions of NEPA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language the statute.

28. The allegations in Paragraph 28 purport to characterize provisions of NEPA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations.

29. The allegations in Paragraph 29 purport to characterize provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute and regulations.

30. The allegations in Paragraph 30 purport to characterize provisions of NEPA regulations and a federal court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations and the opinion.

31. The allegations in Paragraph 31 purport to characterize the provisions of NEPA regulations and a federal court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations and the opinion.

32. The allegations in Paragraph 32 purport to characterize the provisions of NEPA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations.

33. The allegations in Paragraph 33 purport to characterize the provisions of two federal court opinions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinions.

34. The allegations in Paragraph 34 purport to characterize the provisions of two federal court opinions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinions.

35. The allegations in Paragraph 35 purport to characterize the provisions of NEPA regulations and three federal court opinions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations and opinions.

36. The allegations in Paragraph 36 purport to characterize the provisions of a federal court opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinion.

37. The allegations in Paragraph 37 purport to characterize the provisions of BLM's WFRHBA regulations and policy handbook, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations and policy.

38. Federal Defendants admit that BLM approved the Stone Cabin Valley Wild Horse Herd Management Plan ("Stone Cabin HMAP") in May 1983. The remaining allegations in Paragraph 38 purport to characterize the provisions of that plan and its Record of Decision, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP and Record of Decision.

39. The allegations in Paragraph 39 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

40. The allegations in Paragraph 40 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

41. The allegations in Paragraph 41 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

42. The allegations in Paragraph 42 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

43. The allegations in Paragraph 43 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

44. The allegations in Paragraph 44 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

45. The allegations in Paragraph 45 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

46. The allegations in Paragraph 46 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

47. The allegations in Paragraph 47 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

48. The allegations in Paragraph 48 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

49. The allegations in Paragraph 49 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

50. The allegations in Paragraph 50 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Stone Cabin HMAP.

51. Federal Defendants admit that in 2016, Plaintiff Laura Leigh volunteered with BLM and aver that her roles were to assist the BLM in monitoring and begin development of a Herd Management Area Plan in the Rocky Hills Herd Management Area, as well as assist with

monitoring in the South Shoshone Herd Management Area. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 51. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of Paragraph 51 and deny the allegations on that basis.

52. Federal Defendants admit that in 2017, Plaintiff Laura Leigh ceased volunteering with BLM. The remaining allegations in Paragraph 52 are vague and ambiguous, and Federal Defendants deny them on that basis.

53. Federal Defendants admit that BLM has not issued an updated HMAP for the Stone Cabin Complex since the 1983 Stone Cabin HMAP. Federal Defendants deny the remaining allegations of Paragraph 53 and aver that BLM has updated the Stone Cabin HMAP through other means, including but not limited to the 1997 Approved Tonopah Resource Management Plan and Record of Decision ("Tonopah RMP").

54. Federal Defendants admit that the Tonopah RMP is the governing RMP for the Stone Cabin and Saulsbury HMAs. The term "addressing" as used in Paragraph 54 is vague and ambiguous, and Federal Defendants deny the remaining allegations in Paragraph 54 on this basis.

55. The allegations in Paragraph 55 purport to characterize the provisions of the Tonopah RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Tonopah RMP.

56. The allegations in Paragraph 56 purport to characterize the provisions of the BLM's 1994 policy document entitled "Nevada Rangeland Monitoring Handbook" and the Tonopah RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the policy document and the Tonopah RMP.

57. The allegations in Paragraph 57 purport to characterize the provisions of the Tonopah RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Tonopah RMP.

58. Federal Defendants admit that in 2012, BLM began a scoping process to consider whether it would undertake an amendment to the Tonopah RMP. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 58. The allegations in the second sentence of Paragraph 58 are vague and ambiguous, and Federal Defendants deny them on that basis. Federal Defendants admit that the BLM did not proceed forward with an amendment of the Tonopah RMP but deny the remaining allegations in the third sentence of Paragraph 58.

59. The allegations in Paragraph 59 purport to characterize the provisions of the Tonopah RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the Tonopah RMP.

60. Federal Defendants admit that wild horses and wildlife including antelope, mountain lions, coyotes, and bobcats have likely been present in the Stone Cabin Complex for more than a century; the remaining allegations in the first sentence of Paragraph 60 are vague and ambiguous and Federal Defendants deny them on that basis. The allegations in the second sentence appear to characterize content on BLM's website about the Stone Cabin HMA,[2] which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language of the website. Federal Defendants deny the allegations in the third sentence of Paragraph 60 because they are either vague and ambiguous – e.g., the term "instrumental" – or else because Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations.

61. Federal Defendants admit that the first wild horse gather after the passage of the WFRHBA took place in the Stone Cabin HMA in 1975; the remaining allegations in the first sentence of Paragraph 61 are vague and ambiguous and Federal Defendants deny them on that basis. Federal Defendants admit that that 1975 gather was challenged in the case of *American Horse Protection Association v. Frizzell*, 403 F. Supp. 1206 (D. Nev. 1975). The remaining allegations in the second sentence of Paragraph 61 purport to characterize provisions of the

---

[2] *See Stone Cabin HMA*, U.S. BUREAU OF LAND MANAGEMENT, https://www.blm.gov/programs/wild-horse-and-burro/herd-management/herd-management-areas/nevada/stone-cabin.

opinion in that case, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinion.

62. Federal Defendants admit the allegations in Paragraph 62.

63. Paragraph 63's use of the word "tier" is vague and ambiguous, and Federal Defendants deny the allegations of Paragraph 63 on that basis.

64. The allegations in the first and third sentences of Paragraph 64 purport to characterize the public comments that BLM received on the EA and BLM's responses to those comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language the comments and BLM's responses. The allegations of the second sentence of Paragraph 64 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations of the second sentence of Paragraph 64.

65. The allegations in the first and second sentences of Paragraph 65 purport to characterize the provisions of the regulations that implement the WFRHBA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations. Federal Defendants deny the allegations in the third sentence of Paragraph 65. The allegations in the fourth sentence of Paragraph 65 purport to characterize the provisions of the EA and the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the EA and the Stone Cabin HMAP.

66. The allegations in Paragraph 66 purport to characterize the provisions of the EA and Tonopah RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and Tonopah RMP.

67. The allegations in Paragraph 67 purport to characterize the public comments that BLM received on the EA and the BLM's responses to those comments, which speak for

themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the comments and BLM's responses.

68.     The allegations in the first sentence of Paragraph 68 appear to characterize provisions of the EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the EA. The allegations in the second sentence of Paragraph 68 purport to characterize the provisions of the Stone Cabin HMAP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Stone Cabin HMAP.

69.     The allegations in Paragraph 69 purport to characterize the EA, the public comments that BLM received on the EA, and BLM's responses to those comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the EA, comments, and BLM's responses.

70.     The allegations in Paragraph 70 purport to characterize the EA, the public comments that BLM received on the EA, and BLM's responses to those comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the EA, comments, and BLM's responses.

71.     The allegations in the first and second sentences of Paragraph 71 purport to characterize the public comments that BLM received on the EA and BLM's responses to those comments, as well as the Stone Cabin HMAP and the Tonopah RMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the comments, BLM's responses, the Stone Cabin HMAP, and the Tonopah RMP. The third sentence of Paragraph 71 states legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations of the third sentence of Paragraph 71.

72. The allegations in Paragraph 72 purport to characterize the provisions of the EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the EA.

73. Federal Defendants deny the allegations in Paragraph 73.

74. Federal Defendants admit that Plaintiffs Wild Horse Education and Laura Leigh submitted public comments on the EA. The remaining allegations in Paragraph 74 are vague and ambiguous and Federal Defendants deny them on that basis.

75. Federal Defendants admit the allegations in Paragraph 75 but aver that the documents were not received by BLM until May 15, 2023.

76. Federal Defendants admit that Plaintiffs voluntarily dismissed their administrative appeal on November 7, 2023. The remaining allegations in Paragraph 76 purport to characterize Plaintiffs' dismissal, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language of the dismissal.

77. Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

78. The allegations in Paragraph 78 purport to characterize the provisions of the Mandamus and Venue Act and various court opinions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute and court opinions. The allegations of Paragraph 78 also contain legal conclusions which require no response. To the extent a response is required, Federal Defendants deny these allegations.

79. The allegations in Paragraph 79 purport to characterize the provisions of the WFRHBA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations. The allegations of Paragraph 79 also contain legal conclusions which require no response. To the extent a response is required, Federal Defendants deny these allegations.

80. The allegations in Paragraph 80 purport to characterize the provisions of BLM's NEPA and WFRHBA regulations and a court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations and opinion. The allegations of Paragraph 80 also contain legal conclusions which require no response. To the extent a response is required, Federal Defendants deny these allegations.

81. The allegations in Paragraph 81 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

82. The allegations in Paragraph 82 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

83. The allegations in Paragraph 83 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

84. The allegations in Paragraph 84 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

85. Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

86. The allegations in Paragraph 86 purport to characterize the provisions of 5 U.S.C. § 706(1), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute.

87. The allegations in Paragraph 87 purport to characterize the provisions of the WFRHBA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations. The allegations of Paragraph 87 also contain legal conclusions which require no response. To the extent a response is required, Federal Defendants deny these allegations.

88. Federal Defendants deny the allegations in Paragraph 88.

89. The allegations in Paragraph 89 purport to characterize the provisions of WFRHBA and NEPA regulations and a court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations and opinion. The allegations of Paragraph 89 also contain legal conclusions which require no response. To the extent a response is required, Federal Defendants deny these allegations.

90. Federal Defendants deny the allegations in Paragraph 90.

91. The allegations in Paragraph 91 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

92. The allegations in Paragraph 92 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

93. Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

94. The allegations in Paragraph 94 purport to characterize the provisions of 5 U.S.C. § 706(2), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute.

95. The allegations in Paragraph 95 purport to characterize the provisions of the WFRHBA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations. The allegations of Paragraph 95 also contain legal conclusions which require no response. To the extent a response is required, Federal Defendants deny these allegations.

96. The allegations in Paragraph 96 purport to characterize the provisions of NEPA and WFRHBA regulations and a court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations and court opinion.

97. Federal Defendants deny the allegations in Paragraph 97.

98. The allegations in Paragraph 98 purport to characterize the WFRHBA regulations, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations. The allegations of Paragraph 98 also contain legal conclusions which require no response. To the extent a response is required, Federal Defendants deny these allegations.

99. Federal Defendants deny the allegations in Paragraph 99.

100. The allegations in Paragraph 100 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

101. The allegations in Paragraph 101 state the nature of Plaintiffs' claims, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

102. Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

103. The allegations in Paragraph 103 purport to characterize the provisions of 5 U.S.C. § 706(2)(C), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute.

104. The allegations in Paragraph 104 purport to characterize the provisions of WFRHBA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations. The allegations of Paragraph 104 also contain legal conclusions which require no response. To the extent a response is required, Federal Defendants deny these allegations.

105. The allegations in Paragraph 105 purport to characterize the provisions of NEPA and WFRHBA regulations and a court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations and court opinion. The allegations of Paragraph 105 also contain

legal conclusions which require no response. To the extent a response is required, Federal Defendants deny these allegations.

106. Federal Defendants deny the allegations in Paragraph 106.

107. The allegations in Paragraph 107 purport to characterize the provisions of the WFRHBA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations. The allegations of Paragraph 107 also contain legal conclusions which require no response. To the extent a response is required, Federal Defendants deny these allegations.

108. Federal Defendants deny the allegations in Paragraph 108.

109. The allegations in Paragraph 109 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

110. The allegations in Paragraph 110 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

111. The allegations in Paragraph 111 state the nature of Plaintiffs' claims, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

112. Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

113. Federal Defendants deny the allegations in Paragraph 113.

114. Federal Defendants deny the allegations in Paragraph 114.

115. The allegations in Paragraph 115 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

116. The allegations in Paragraph 116 state the nature of Plaintiffs' claims, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

## PLAINTIFFS' REQUEST FOR RELIEF

The remainder of Plaintiffs' Complaint constitutes their requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Court lacks jurisdiction over some or all of Plaintiffs' claims.
2. Plaintiffs lack standing to bring some of all of their claims and to obtain some or all of the relief sought.
3. Plaintiffs have failed to allege facts that constitute a violation of law or otherwise to state a claim upon which relief may be granted.

Dated: February 13, 2024

Respectfully submitted,
TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Joseph W. Crusham*
JOSEPH W. CRUSHAM,
Trial Attorney (CA Bar No. 324764)
Wildlife & Marine Resources Section
YOUNG A. KANG
Trial Attorney (FL Bar No. 1025505)
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 307-1145 (Crusham)
Email: joseph.crusham@usdoj.gov
Phone: (202) 514-2415 (Kang)

Email: young.kang@usdoj.gov

*Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 13, 2024, I filed the foregoing Answer to Plaintiffs' Complaint electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

                                                           */s/ Joseph W. Crusham*
                                                          Joseph W. Crusham
                                                          U.S. Department of Justice