UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation,<br><br>   *Plaintiffs*,<br><br>             v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, TRACY STONE-MANNING, Director of the Bureau of Land Management, and JON RABY, Nevada State Director of the Bureau of Land Management,<br><br>   *Federal Defendants*. | Case No. 3:23-cv-00568-ART-CSD<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's Order Setting Case Management Conference (Dkt. 19), Federal Rule of Civil Procedure 16, and Local Rule 16-1(c)(1), Plaintiffs Laura Leigh and Wild Horse Education, and Federal Defendants the United States Department of Interior, Bureau of Land Management ("BLM"), Tracy Stone-Manning, in his official capacity as Director of BLM, and Jon Raby, in his official capacity as Nevada State Director of BLM, (collectively "the Parties"), hereby submit a Joint Case Management Report for the above-captioned action. As required by the Court's Order, *id.* at 2, on February 28, 2024, the Parties telephonically met and conferred.

1. **Nature of the Case:** This case concerns BLM's Stone Cabin Complex Wild Horse Gather Plan and Environmental Assessment and the associated Finding of No Significant

Impact ("FONSI") and Decision Record ("Decision"), each of which BLM issued on April 11, 2023.[1] *See* Dkt. 1 ¶ 1. BLM issued these documents pursuant to the Wild Free-Roaming Horses and Burros Act, 16 U.S.C. § 1331, et seq., and National Environmental Policy Act ("NEPA"). The Stone Cabin Complex is in Nye County, Nevada, and it includes the Stone Cabin and Saulsbury Herd Management Areas ("HMAs"). As set forth in the Decision, BLM has determined under the Wild Free-Roaming Horses and Burros Act that excess wild horses are present on public lands within and outside the boundaries of the Stone Cabin Complex and that removal of these wild horses to within the appropriate management level ("AML") is necessary to achieve a thriving natural ecological balance. The Decision authorizes BLM to conduct an initial gather, and follow-up gathers as needed, to reach low-AML, to administer or booster population growth suppression measures to gathered horses, and to conduct follow up gathers over the course of 10 years if BLM determines the population exceeds high-AML.

### a. Plaintiffs' Claims

Plaintiffs respectfully bring this case to challenge BLM's action, as it was made in violation of the Wild Free-Roaming Horses and Burros Act (WHA), 16 U.S.C. § 1331, et seq., and National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq*. The WHA, through its regulations, requires that plans to remove wild horses from public lands must be carried out pursuant to herd management area plans (HMAPs). *See* 43 C.F.R. § 4710.4. BLM violated these regulations by not developing, updating, or considering any HMAP. BLM also failed to take a "hard look" at the environmental consequences of its plan, as required under NEPA and its regulations. *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 373-74 (1989).

**First Cause of Action – Writ of Mandamus, 28 U.S.C. § 1361:** Defendants violated 16 U.S.C. § 1333 and 43 C.F.R. §§ 1505.3, 4710.4 when they authorized the gather and removal of wild horses and burros from the Stone Cabin Complex without first developing a HMAP for the Saulsbury HMA and without achieving the objectives of the 1983 HMAP for the Stone Cabin

---

[1] Each of these documents is available on BLM's website at: https://eplanning.blm.gov/eplanning-ui/project/2021968/570.

HMA. Plaintiffs seeks writ of mandate compelling compliance with this mandatory duty under 28 U.S.C. § 1361.

**Second Cause of Action – Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1):** The WHA and NEPA require BLM to fulfill the mandates it promised to implement through the 1983 HMAP for the Stone Cabin HMA. *See* 43 C.F.R. §§ 1505.3, 4710.4; *Friends of Animals*, 200 F. Supp. 3d at 1123-25. Defendants have unlawfully withheld or unreasonably delayed their mandatory duty to achieve the objectives in the 1983 HMAP, including the studies and assessments directed therein, and have unlawfully withheld or unreasonably delayed their mandatory duty to update the 1983 HMAP in violation of 5 U.S.C. § 706(1).

**Third Cause of Action – APA, 5 U.S.C. § 706(2)(A):** Defendants violated 16 U.S.C. § 1333 and 43 C.F.R. §§ 1505.3, 4710.4 when they authorized the gather and removal of wild horses and burros from the Stone Cabin Complex without first developing a HMAP for the Saulsbury HMA and without achieving the objectives of the 1983 HMAP for the Stone Cabin HMA. To the extent Defendants have interpreted 43 C.F.R. § 4710.4 as allowing them discretion to consider HMAPs to carry out management of wild horse herds at the minimum level necessary, BLM has exceeded its authority and jurisdiction to comply with statutory and regulatory mandates. Defendants' decision to remove horses from the Stone Cabin Complex in contradiction of its statutory and regulatory mandates is arbitrary and capricious, an abuse of discretion, and contrary to the law in violation of APA, 5 U.S.C. § 706(2)(A).

**Fourth Cause of Action – APA, 5 U.S.C. § 706(2)(C):** Defendants violated 16 U.S.C. § 1333 and 43 C.F.R. §§ 1505.3, 4710.4 when they authorized the gather and removal of wild horses and burros from the Stone Cabin Complex without first developing a HMAP for the Saulsbury HMA and without achieving the objectives of the 1983 HMAP for the Stone Cabin HMA. To the extent Defendants have interpreted 43 C.F.R. § 4710.4 as allowing them discretion to consider HMAPs to carry out management of wild horse herds at the minimum level necessary, BLM has exceeded its authority and jurisdiction to comply with statutory and regulatory mandates. Defendants' decision to remove horses from the Stone Cabin Complex in

contradiction of its statutory and regulatory mandates is arbitrary and capricious, an abuse of discretion, and contrary to the law, in violation of APA, 5 U.S.C. § 706(2)(C).

**Fifth Cause of Action – NEPA and APA, 5 U.S.C. § 706(2)**: BLM violated NEPA when it failed to analyze every significant aspect of the environmental impacts of removing wild horses from the Stone Cabin Complex as alleged herein, including by (1) failing to analyze all direct, indirect, cumulative, and ecological impacts, such as those associated with rangeland health, forage, water, and livestock allocations, (2) relying on AMLs that were administratively set and not based on evidence, analysis or scientific studies, (3) failing to disclose relevant information to decision-makers and the public, and (4) breaking down management of wild horses into small component parts to avoid a significance determination.  BLM's decision to adopt the Stone Cabin Complex Gather EA was arbitrary and capricious, and not in accordance with law in violation of the APA, 5 U.S.C. § 706(2).

### b. Federal Defendants' Defenses

Federal Defendants deny that Plaintiffs have pled cognizable claims and deny that Plaintiffs are entitled to any relief whatsoever. Specifically, Federal Defendants deny that BLM violated the Wild Free-Roaming Horses and Burros Act, NEPA, or the APA when it authorized the gather of wild horses from the Stone Cabin Complex. In addition, Federal Defendants deny that the Wild Free-Roaming Horses and Burros Act or NEPA require that an HMAP be prepared, updated, or considered prior to the authorization or implementation of a gather. Federal Defendants also deny that BLM failed to consider any significant environmental issue in the Environmental Assessment in violation of NEPA or the APA.

2. **Jurisdiction:** Plaintiffs' asserted bases for federal jurisdiction are 5 U.S.C. § 706, 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

3. **Additional Parties:** The Parties do not expect to add additional parties to the case or otherwise amend the pleadings at this time.

4. **Pending Motions:** There are no pending motions.

5. **Related Cases:** Pursuant to Plaintiffs' Notice of Related Cases, Dkt. 11, this case has been marked related to *Colvin & Son LLC v. Haaland*, 3:23-cv-00505-ART-CLB (D. Nev.) because that case also challenges BLM's Decision for the Stone Cabin Complex under the Wild Free-Roaming Horses and Burros Act. That case has been consolidated with *Colvin & Son, LLC v. Haaland*, Case No. 3:23-cv-00204-ART-CLB (D. Nev.).

6. **Discovery:** The Parties agree that this case will be resolved through judicial review of BLM's administrative record and applicable federal statutes and regulations. Extra-record evidence, including the taking of discovery, is allowed only through limited exceptions and the Parties are not obligated to follow the Federal Rule of Civil Procedure 26 discovery process. *See* Fed. R. Civ. P. 26(a)(1)(B)(i); D. Nev. Civ. R. 16-1(c)(1). The Parties have conferred, and neither the Plaintiffs nor Federal Defendants intend at this time to seek discovery; in the event that any Party decides to alter from this plan and seek discovery, the Parties acknowledge that leave of the Court would be required.

Local Rule 16-1(c) provides that cases such as this one—"actions for review on an administrative record"—are to be "governed by an entry or an order establishing a briefing schedule and other appropriate matters." Accordingly, as set forth in the concurrently submitted Proposed Scheduling Order, the Parties have agreed to a schedule for resolution of this action via cross-motions for summary judgment after submission of the administrative record by Federal Defendants. Moreover, to the extent Plaintiffs seek to rely on extra-record evidence, the Parties have agreed to a schedule for informal resolution or, if necessary, briefing of any record disputes.

7. **ESI:** This section is inapplicable because this is a case for review on an administrative record.

8. **Jury Trial:** This section is inapplicable because this is a case for review on an administrative record.

9. **Settlement:** After meeting and conferring, the Parties do not anticipate that this matter will be resolved via settlement. Thus, the Parties do not believe that assignment of this

case to a court-sponsored settlement conference is appropriate at this time. If settlement discussions do occur and counsel believe that there is a possibility that such discussions could be enhanced through such a conference, counsel will contact the Court.

10. **Magistrate Judge:** The Parties do not consent to a magistrate judge and would like to proceed before the district judge.

11. **Bifurcation:** The Parties do not request bifurcation or phasing of trial at this time.

Respectfully submitted this 12th day of March, 2024.

                TODD KIM, Assistant Attorney General
                U.S. Department of Justice
                Environment & Natural Resources Division

*/s/ Joseph W. Crusham*
JOSEPH W. CRUSHAM,
Trial Attorney (CA Bar No. 324764)
Wildlife & Marine Resources Section
YOUNG A. KANG
Trial Attorney (FL Bar No. 1025505)
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 307-1145 (Crusham)
Email: joseph.crusham@usdoj.gov
Phone: (202) 514-2415 (Kang)
Email: young.kang@usdoj.gov

*Attorneys for Federal Defendants*

*/s/ Jessica L. Blome*
JESSICA L. BLOME
(California Bar No. 314898, pro hac vice)
J. RAE LOVKO
(California Bar No. 208855), pro hac vice vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

DANIELLE M. HOLT
(Nevada Bar No. 13152)
DE CASTROVERDE LAW GROUP
1149 S Maryland Pkwy
Las Vegas, NV 89104
(702) 222-9999
danielle@decastroverdelaw.com

*Attorneys for Plaintiffs*