**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, TRACY STONE-MANNING, Director of the Bureau of Land Management, and JON RABY, Nevada State Director of the Bureau of Land Management,<br><br>*Federal Defendants.* | Case No. 3:23-cv-00568-ART-CSD<br><br>**[PROPOSED] SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to the Court's Order Setting Case Management Conference (Dkt. 19), Federal Rule of Civil Procedure 16, and Local Rule 16-1(c)(1), Plaintiffs Laura Leigh and Wild Horse Education, and Federal Defendants the United States Department of Interior, Bureau of Land Management ("BLM"), Tracy Stone-Manning, in his official capacity as Director of BLM, and Jon Raby, in his official capacity as Nevada State Director of BLM, (collectively "the Parties"), hereby submit a proposed scheduling order for this action.

As reported in the concurrently submitted Joint Case Management Report, the Parties agree that this case will be resolved through judicial review of BLM's administrative record and applicable federal statutes and regulations, and the Parties do not intend to seek discovery

1

at this time. Local Rule 16-1(c) provides that cases such as this one—"actions for review on an administrative record—are to be "governed by an entry or an order establishing a briefing schedule and other appropriate matters." Accordingly, the Parties jointly propose the following schedule for resolution of this case:

**Administrative Record**

- Federal Defendants shall file and serve the certified administrative record[1] by **April 17, 2024**.
- Plaintiffs shall notify Federal Defendants whether they believe the administrative record is incomplete or requires supplementation with additional materials, whether they believe any exceptions to record review are applicable, and/or whether they believe there is need for any judicial review of materials outside the record in this case, including materials Plaintiffs believe are subject to judicial notice, by **May 1, 2024**.
- The Parties shall consult about any and all issues related to the administrative record raised by Plaintiffs—including completeness, supplementation, or judicial notice—and attempt to resolve any disputes no later than **May 15, 2024**.
- If the Parties cannot resolve any disputes regarding the administrative record, Plaintiffs will file a motion to complete and/or supplement the record, or to request judicial notice of any extra-record materials, by **June 5, 2024**.[2]
    - Federal Defendants' opposition to Plaintiffs' motion will be due by **July 3, 2024**.
    - Plaintiffs' reply will be due by **July 17, 2024**.
- If Plaintiffs file a motion related to the administrative record, including any motion for judicial notice of extra-record materials, the summary judgment schedule outlined

---

[1] Federal Defendants will file the notice of lodging the administrative record through the CM/ECF system and lodge the administrative record with the Clerk of this Court in electronic format using USB flash drives, including a hyperlinked index. Federal Defendants will also send USB flash drives of the administrative record and index to Plaintiffs' counsel.

[2] To be clear, any such motion can only seek consideration of documents that Plaintiffs previously identified to Federal Defendants as part of the conferral process described above.

below will be vacated. The Parties will submit a new, mutually agreeable summary judgment schedule within seven days of the Court's decision on Plaintiffs' motion.

**Cross-Motions for Summary Judgment**

If there are no administrative record disputes, the Parties agree to the following schedule:

- Plaintiffs shall file their Motion for Summary Judgment by **July 19, 2024**, which can be up to 40 pages excluding tables and exhibits;

- Federal Defendants shall file their combined Response to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment by **August 30, 2024**, which can be up to 40 pages excluding tables and exhibits;

- Plaintiffs shall file their combined Response to Federal Defendants' Motion and Reply in support of their own Motion by **September 27, 2024,** which can be up to 25 pages excluding tables and exhibits;

- Federal Defendants shall file their Reply in support of their Motion by **October 25, 2024,** which can be up to 25 pages excluding tables and exhibits.

The Parties respectfully submit that the page limitations and briefing deadlines set forth above are reasonable in light of their agreement to resolve this matter via cross-motions for summary judgment, as well as because this is a complex record-review case involving the interpretation of multiple federal statutes and regulations. Good cause exists for the Parties' requested page lengths because the limitations set forth in Local Rule 7-3(a) contemplate standard simultaneous summary judgment briefing. Pursuant to Local Rule 7-3(a), Plaintiffs and Federal Defendants would each be entitled to file summary judgment motions simultaneously, which would result in six total briefs (i.e., each side would file 30-page opening briefs, 30-page oppositions, and 20-page reply briefs) for a total of 160 pages. The Parties' proposal results in a total of 130 pages. Thus, the Parties' proposal is not a request to expand page limitations under Local Rule 7-3(c), as it results in fewer total pages than would be allowed absent the Parties' agreement to resolve this case through cross-summary judgment motions.

Accordingly, the Parties respectfully submit that the schedule and page limitations requested herein will conserve judicial resources better than the standard briefing schedule and page limits authorized by Local Rules 7-3(a) and 7-2(b).

Respectfully submitted this 12th day of March, 2024.

        TODD KIM, Assistant Attorney General
        U.S. Department of Justice
        Environment & Natural Resources Division

        */s/ Joseph W. Crusham*
        JOSEPH W. CRUSHAM,
        Trial Attorney (CA Bar No. 324764)
        Wildlife & Marine Resources Section
        YOUNG A. KANG
        Trial Attorney (FL Bar No. 1025505)
        Natural Resources Section
        P.O. Box 7611, Ben Franklin Station
        Washington, DC 20044-7611
        Phone: (202) 307-1145 (Crusham)
        Email: joseph.crusham@usdoj.gov
        Phone: (202) 514-2415 (Kang)
        Email: young.kang@usdoj.gov

        *Attorneys for Federal Defendants*

*/s/ Jessica L. Blome*
JESSICA L. BLOME
(California Bar No. 314898, pro hac vice)
J. RAE LOVKO
(California Bar No. 208855), pro hac vice vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com


DANIELLE M. HOLT
(Nevada Bar No. 13152)
DE CASTROVERDE LAW GROUP
1149 S Maryland Pkwy
Las Vegas, NV 89104
(702) 222-9999

danielle@decastroverdelaw.com

*Attorneys for Plaintiffs*

**IT IS SO ORDERED:**

_____
**UNITED STATES DISTRICT JUDGE**
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** _____