# Ex. 2 - Federal Defendants' Response Letter



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Wildlife and Marine Resources Section*  
*P.O. Box 7611*  
*Washington, DC  20044*

*Telephone (202) 305-0210*  
*Facsimile (202) 305-0275*

May 10, 2024

Jessica L. Blome  
2748 Adeline Street, Suite A  
Berkeley, CA 94703  
Phone: (510) 900-9502  
Email: jblome@greenfirelaw.com

      Re: *Wild Horse Education, et al. v. U.S. Dept. of Interior, et al.*, Case 3:23-cv-00568-ART-CSD

Dear Jessica,

I write in response to your May 1, 2024 letter identifying alleged deficiencies in the Administrative Record for the above-captioned case. Many of the documents you identify are already in the record, and we can agree to include some other specific documents. But we explain below why we will not (or, in some cases, cannot) include some of the documents or categories of documents requested in your letter.

The parties agreed in the Joint Case Management Report that "this case will be resolved through judicial review of BLM's administrative record," and that "[e]xtra-record evidence" is permitted "only through limited exceptions[.]" Dkt. 21, ¶ 6. It's not immediately clear to us how each of the documents or categories of documents you seek to have added to the record fit within the four recognized exceptions to record review. *See, e.g., Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). And even considering that Plaintiffs bring failure-to-act claims which can in some instances expand the record, your letter does not explain how the existing administrative record is inadequate for resolving these claims. *See, e.g., Leigh v. Raby*, 2023 WL 2717327, at *3 (D. Nev. Mar. 30, 2023) (denying Plaintiffs' motion to supplement record based on failure to act/mandamus claims premised on Herd Management Area Plan ("HMAP") allegations).[1]

---

[1] Any documents that we do not agree to include in the record are also not judicially noticeable. For one, Plaintiffs "cannot circumvent the rules governing record supplementation by asking for judicial notice rather than supplementation." *All. for Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1198 (D. Mont. 2019). Additionally, as explained below, the documents or categories of documents that we do not agree to include are not relevant to any issues in this case, and thus judicial notice would be improper. *See, e.g., Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998).

Our response to the specific issues raised in your letter are below. Given that some of the documents you seek are already in the record, and we are agreeing to include several additional documents, we are hopeful that the parties can avoid record motion practice.

**1983 Stone Cabin HMAP, Record of Decision, and Environmental Assessment**

These documents are already in the record. SC_09270 (one document including HMAP, ROD, and EA).

**"Studies, assessments and documentation of actions" related to 1983 Stone Cabin HMAP**

Since your letter does not specify documents but rather broad categories, it is hard for us to understand what exactly Plaintiffs wish to be included with this request. But steps BLM has taken consistent with the broad objectives of the 1983 Stone Cabin HMAP are already reflected in the record, including in the 1997 Tonopah RMP, as well as in the April 2023 gather decision/EA challenged in this case.

Thus, we do not agree to include documents in response to this request.

**Documents "related to the BLM's actions to update" the 1983 Stone Cabin HMAP**

BLM has not formally updated the 1983 Stone Cabin HMAP, but BLM has informally updated the documents' findings and objectives through various other means. *See* Dkt. 18 ¶ 53. BLM did not plan or begin to formally update the 1983 Stone Cabin HMAP in 2016-2017. Thus, the broad category of documents requested do not exist, much less were they considered in reaching the challenged gather decision/EA.

Moreover, to the extent Plaintiffs assert BLM is required to update the HMAP, this is a legal question the Court can resolve without reference to extra-record materials. *See Leigh*, 2023 WL 2717327, at *3 (finding no need to order "expansion of the AR to make a merits determination as to whether Defendants had to prepare a HMAP before conducting the gather—the Court must simply make a call on the law").

Thus, we do not agree to include documents in response to this request.

**Documents "referenced within" the 1983 Stone Cabin HMAP**

BLM did not produce a record for the 1983 Stone Cabin HMAP because Plaintiffs have not challenged the HMAP; indeed, any such challenge would be about 34 years late. *See* 28 U.S.C. § 2401(a) (all civil actions against the United States must be filed within six years after the right of action first accrues). Moreover, none of the identified documents were considered by BLM in making the challenged gather decision.

And to the extent Plaintiffs argue these documents must be included because the HMAP is in the record and cites to these documents, this argument has been rejected. *See Stevens v. United States Army Corps of Engineers*, No. 2:21-CV-01423-RAJ, 2023 WL 2138347, at *2 (W.D. Wash. Feb. 21, 2023) ("Courts in the Ninth Circuit have continuously held that the 'consideration through

citation' argument 'stretches the chain of indirect causation to its breaking point and cannot be a basis for compelling completion of an Administrative Record.'").

Thus, we do not agree to include the identified documents in the record.

**Documents "referenced within" the 1997 Tonopah Range Management Plan**

Likewise, BLM did not produce a record for the 1997 Tonopah RMP because Plaintiffs have not challenged the 1997 Tonopah RMP, and any such challenge would be time-barred. For purposes of reaching the challenged gather decision, BLM considered the 1997 Tonopah RMP itself – it did not consider every document referenced therein. Thus, the identified documents are not properly part of the record for this case.  Again, courts in this Circuit have rejected Plaintiffs' implicit claim that every document cited by a record document must be included.

Thus, we do not agree to include the identified documents in the record.

**Documents Referenced by the Stone Cabin Complex Environmental Assessment**

Next, Plaintiffs identify several documents purportedly cited by the gather EA. The document identified as "2021. Instructional Memorandum 2021-002. Wild Horse and Burro Comprehensive Animal Welfare Program. Washington, D.C." is already in the record at SC_1217.

We can agree to include the other 12 documents identified by your letter.

**Documents "describing how the current AMLs were determined" for Stone Cabin Complex**

While some of the documents identified[2] in your letter were originally considered in setting AMLs for the Stone Cabin Complex, BLM reaffirmed those AMLs in the 1997 Tonopah RMP. That is the document on which BLM relied for the decision challenged in this case, and it is in the record.

To the extent Plaintiffs seek to challenge the AML determinations made in the documents identified or as reaffirmed by the 1997 Tonopah RMP, any such challenge is time-barred. Moreover, while the 1996 Final Multiple Use Decision is cited in the gather decision and EA, the document was not considered by agency decisionmakers and, again, this "consideration through citation" theory has been rejected. *See Stevens*, 2023 WL 2138347, at *2.

As it stands, Plaintiffs have challenged only the gather decision/EA, which does not set or adjust AML. *See Friends of Animals v. U.S. Bureau of Land Mgmt.*, No. 16-CV-0199, 2017 WL 5247929, at *8 (D. Wyo. Mar. 20, 2017) ("[T]he gather document is not the appropriate mechanism for adjusting the AML of an HMA."); *In Def. of Animals, Dreamcatcher Wild Horse & Burro Sanctuary v. U.S. Dep't of Interior*, 751 F.3d 1054, 1064 n.13 (9th Cir. 2014) ("[N]othing in the Act requires the BLM to determine new AMLs based on current conditions every time the BLM decides to take action to restore the already-established AMLs."). Thus, there is no basis for challenging AMLs, and there is no need for extra-record documents on the topic, especially when the document on which BLM relied for AMLs—the 1997 Tonopah RMP—is already in the record.

---

[2] The 1992 Consent Decision is already in the record as an attachment to a comment letter. SC_1428.

Accordingly, we do not agree to include any additional documents or categories of documents in response to this request.

***

Please let us know if a call would be helpful in resolving any remaining issues or concerns. Again, our hope is that we can work together to avoid any unnecessary record motion practice.

Sincerely,

Joseph W. Crusham