DANIELLE M. HOLT
(Nevada Bar No. 13152)
DE CASTROVERDE LAW GROUP
1149 S Maryland Pkwy
Las Vegas, NV 89104
Ph (702) 222-9999
Fax (702) 383-8741
danielle@decastroverdelaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
JENNIFER RAE LOVKO
(Cal. Bar No. 208855, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, TRACY STONE-MANNING, Director of the Bureau of Land Management, and JON RABY, Nevada State Director of the Bureau of Land Management,<br><br>    *Defendants*. | Case No. 3:23-cv-00568-ART-CSD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPLETE AND SUPPLEMENT THE ADMINISTRATIVE RECORD AND REQUEST JUDICIAL NOTICE**<br><br>Complaint Filed: Nov. 15, 2023 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPLETE AND SUPPLEMENT THE ADMINISTRATIVE RECORD AND REQUEST JUDICIAL NOTICE**

I. INTRODUCTION

Plaintiffs seek to complete or supplement the administrative record with documents that have been either directly or indirectly considered by the Defendants because the existing record is insufficient to permit meaningful review consistent with the Administrative Procedure Act (APA). 5 U.S.C. §§ 551–559. In the alternative, Plaintiffs sought judicial notice of the same documents, as the requested documents reflect important additions to the record for each of Plaintiffs' five causes of action.

II. LEGAL STANDARD

When a party seeks to add documents to the administrative record, there are two types of motions that might be made. *See Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 151 F.Supp.3d 1, 13 (D.D.C. 2015); *Am. Farm Bureau Fed'n v. U.S. EPA*, 2011 U.S. Dist. LEXIS 148637 at *10-13 (M.D. Penn. Dec. 28, 2011). One is a motion to *complete* the record with documents that are part of "the whole record" that was actually before the agency. *See* 5 U.S.C. § 706. The second seeks to *supplement* the record with documents that were not before the agency, but which are necessary to permit meaningful review consistent with the APA. *Axiom Res. Mgmt. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009). For example, supplementation may be appropriate when necessary to explain an agency's action; when necessary to explain technical terms or complex subject matter; to explain the need for agency action in failure-to-act cases; and in cases where extra-record evidence supports non-APA claims, such as a NEPA claim. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005); *Fund for Animals v. Williams*, 391 F.Supp.2d 191, 197-198 (D.D.C. 2005); *San Francisco BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002); *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-1437 (9th Cir. 1988); *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. United States DOI*, No. 2:21-cv-00573, 2024 U.S. Dist. LEXIS 60877, at *5 (D. Utah Apr. 2, 2024).

When addressing a motion to complete the record, there is a rebuttable presumption of completeness, but an agency "may not unilaterally determine what constitutes the

administrative record." *Fund for Animals v. Williams*, 391 F.Supp.2d 191, 197 (D.D.C. 2005). An agency cannot "skew the record in its favor by excluding pertinent but unfavorable information." *Envtl. Def. Fund v. Blum*, 458 F.Supp. 650, 661 (D. D.C. 1978). "Nor may the agency exclude information on the grounds that it did not 'rely' on the excluded information in its final decision. *Fund for Animals v. Williams*, 391 F.Supp.2d 191, 197 (D. D.C. 2005). The Ninth Circuit has emphasized:

> The "whole record" includes everything that was before the agency pertaining to the merits of its decision. An incomplete record must be viewed as a "fictional account of the actual decision-making process." . . . If the record is not complete, then the requirement that the agency decision be supported by "the record" becomes almost meaningless.

*Portland Audubon Society v. Endangered Species Committee*, 984 F.2d 1534, 1548 (9th Cir. 1993). *See also Fund for Animals v. Williams*, 391 F. Supp.2d 191, 197 (D.C. Cir. 2003); *Miami Nation of Indians v. Babbitt*, 979 F. Supp. 771, 777 (N.D. Ind.1996) ("[A] document need not literally pass before the eyes of the final agency decision maker to be considered part of the administrative record."); *Envtl. Defense Fund v. Blum*, 458 F.Supp. 650, 661 (D.D.C. 1978) (improper to exclude from consideration pertinent material submitted as an integral part of the rulemaking process or otherwise located in the agency's own files, even if the agency did not rely on it).

In moving to complete the administrative record, a plaintiff need only provide reasonable, non-speculative grounds for the belief that the at-issue documents were before the agency at the time of their decision-making and were considered either directly or indirectly. *See Advanced Tech. Sys. Co. v. United States*, No. 23-1000, 2023 U.S. Claims LEXIS 3255, at *10 (Fed. Cl. Oct. 4, 2023); *S.F. Bay Conservation & Dev. Comm'n v. United States Army Corps of Eng'rs*, No. 16-cv-05420-RS (JCS), 2018 U.S. Dist. LEXIS 136659 at *7-9 (N.D. Cal. Aug. 13, 2018). While the at-issue documents must be identified with "sufficient specificity" to establish that the documents exist, a plaintiff's identification

may be presented in the form of categories of documents. *See e.g., Xirum v. United States Immigr. & Customs Enf't (ICE)*, No. 1:22-cv-00801-TWP-KMB, 2024 U.S. Dist. LEXIS 76672, at *11 (S.D. Ind. Apr. 25, 2024) (motion to complete record granted as to "materials underlying [third-party contractor's] and [government agency's] review, such as videos, photographs, records, and other documents" even though these "materials were not independently reviewed" by the agency); *Ark Initiative v. United States Forest Serv.*, Civil Action No. 06-cv-02418-PSF-MJW, 2007 U.S. Dist. LEXIS 43958, at *4 (D. Colo. June 18, 2007) (motion to complete record granted as to "studies, reports, and data" referenced in an environmental impact statement; documents "related to other projects and activities that Plaintiffs contend have cumulative impacts;" "internal and intra-agency communications, drafts, and notes;" and "documents related to" agency's acceptance of plan). And here, Plaintiffs put forth categories that are indisputably sufficiently specific to establish that relevant documents exist.

When seeking to supplement the record with extra-record evidence, the nature of a plaintiff's claims is determinative. *See Nw. Env't Advocs. v. United States EPA*, No. 3:21-cv-01136-HZ, 2022 U.S. Dist. LEXIS 195793, at *6 (D. Or. Oct. 24, 2022). Where such evidence is necessary "to identify and plug holes in the record," supplementation is appropriate. *Lands Council*, 395 F.3d at 1030.

### III.   ARGUMENT

#### A. The Administrative Record should be augmented to include documents describing how current AMLs were determined for the herds in the Stone Cabin Complex.

BLM determinations regarding the removal of excess wild horses must consider appropriate management levels (AMLs), which serve as a proxy for establishing the appropriate population levels necessary to achieve and maintain a thriving, ecological balance on public lands. ECF 1 at ¶17. Defendants argue that "[a] threshold defect in [Plaintiffs'] request is that the Stone Cabin Gather-EA does not set or adjust AML—it uses AMLs that were previously established [in the Tonopah RMP]." ECF 28 at p. 16. But this is

not a defect; instead, this is the precise problem Plaintiffs have identified as a core argument in their lawsuit. By adopting the Gather-EA without considering whether the AML identified in the Tonopah RMP represent the number of horses appropriate to maintain a thriving, ecological balance in the Stone Cabin Complex, Defendants acted in an arbitrary and capricious manner in violation of the APA, Wild & Free Roaming Horses and Burros Act (Wild Horse Act), and NEPA.

Defendants are correct in noting that some courts have ruled AMLs need not be re-calculated every time a gather occurs; however, they completely ignore caselaw (cited by Plaintiffs in their motion, ECF 27 at p. 12) demonstrating that BLM's reliance on past AMLs is only appropriate where the AMLs are relevant and actually address the Wild Horse Act's mandate to address a thriving, ecological balance on public lands. *See Friends of Animals v. Sparks*, 200 F.Supp. 3d 1114, 1126 (D. Mont. 2016). Indeed, according to the Ninth Circuit, the most logical reading of the Wild Horse Act

> is that the BLM must achieve a 'thriving natural ecological balance' by maintaining the relevant AMLs. . . . By operating with an outdated AML when it [adopted a removal plan], BLM's excess animal determination was based, at least in part, on pure guesswork. Without an accurate AML, BLM's duty to remove could not be triggered because BLM could not properly determine that an overpopulation existed, which is the prerequisite for removal.

*Id.*; *see also Dahl v. Clark*, 600 F.Supp. 585, 592-95 (D. Nev. 1984) (AMLs should be based evidence, analysis or studies related to thriving, ecological balance); *Animal Protection Institute of America*, 109 IBLA 112, 118 (1989) (BLM decision to remove horses cannot be based on AMLs established "only for administrative convenience" because AMLs must address the Wild Horse Act's mandate of restoring public lands to a thriving natural ecological balance). As addressed in Plaintiffs' motion, nothing in the Gather-EA indicates that the AMLs relied upon by BLM are based on any evidence, analyses, or studies related to a thriving natural ecological balance. ECF 27 at pp. 12-14. Indeed, the AMLs appear to have

been administratively set years ago without any consideration of the Stone Cabin Complex specifically. *Id.*

The requested documents, to the extent considered either directly or indirectly, should become part of the record. There can be no doubt that supplementation is appropriate here, so the Court can understand the agency's action and "determin[e] whether the agency has considered all relevant factors or has explained its course of conduct or grounds of decision." *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988).

### B. The Administrative Record should be augmented to include documents, studies, and assessments for the 1983 HMAP.

As averred in Plaintiffs' Complaint, "The [Wild Horse Act], through its regulations, requires that plans to remove wild horses from public lands must be carried out pursuant to herd management area plans (HMAPs)." *See* ECF 1 at p. 2 (citing 43 C.F.R. § 4710.4). "BLM violated these regulations by not developing, updating, or considering any HMAP." ECF 1 at p. 2. Specifically, BLM management "shall" "attain the objectives identified in approved land use plans and herd management area plans." *Id.* at p. 7 (quoting 43 C.F.R. § 4710.4). Plaintiffs allege four causes of action related to HMAPs. Plaintiffs allegations include BLM's failure to tier the Gather-EA to the existing 1983 HMAP by ignoring the HMAP's objectives, including the mandate to update the HMAP as new information became available, and/or by failing to update the 1983 HMAP at any point in the last 40 years. ECF 1 at pp. 16-21.

Plaintiffs ask the Court to compel BLM to complete the record with documents referenced within the HMAP. If BLM did not consider the 1983 HMAP in its Gather-EA, then these documents should not be part of the record. However, thus far, BLM has only stated that it did not consider the 1983 HMAP *directly* because the agency otherwise considered "all of the key components of an HMAP." AR at SC-06188. This indicates that the 1983 HMAP was considered indirectly, and thus, the documents referenced therein should become part of the Administrative Record. Indeed, in its opposition brief, BLM continues to indicate that BLM addressed the goals expressed in the 1983 HMAP. ECF 28 at

p. 21.

Supplementation is also appropriate here because the requested documents support BLM's position that "all of the key components of an HMAP" were considered, which at a minimum includes any evidence that BLM conducted the numerous assessment and studies required by the 1983 HMAP. ECF 27 at p. 15. Again, if BLM did not actually consider all of the key components of the 1983 HMAP, then it should formally state this, and no further documents are necessary.

### C. Judicial notice of the contents of the Federal Register and Code of Federal Registration should be granted.

Defendants state that judicial notice of Plaintiffs' request for judicial notice of 51 Fed. Reg. 7410, Mar. 3. 1986; 56 Fed. Reg. 786, January 9, 1991; 43 C.F.R. §4700 et seq. (1985); 49 Fed. Reg. 49252, Dec. 18, 1984 is unnecessary as the Court may consider these without resort to Rule 201. However, Defendants do not address 44 U.S.C.S. § 1507. As such, judicial notice is proper and necessary.

DATED: July 15, 2024                Respectfully Submitted,

                                    _____
                                    Jessica L. Blome
                                    (Cal. Bar No. 314898, admitted pro hac vice)
                                    Jennifer Rae Lovko
                                    (Cal. Bar No. 208855, admitted pro hac vice)
                                    GREENFIRE LAW, PC
                                    2748 Adeline Street, Suite A
                                    Berkeley, CA 94703
                                    (510) 900-9502
                                    jblome@greenfirelaw.com
                                    rlovko@greenfirelaw.com

                                    *Attorneys for Plaintiffs*