UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, et al.,<br><br>Defendants | Case No.: 3:23-cv-00568-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 27 |

Before the court is Plaintiffs' motion to complete and supplement the administrative record and request for judicial notice. (ECF Nos. 27, 27-1 to 27-5.) Defendants filed a response. (ECF Nos. 28, 28-1 to 28-3.) Plaintiffs filed a reply. (ECF Nos. 29, 29-1.) The court held a hearing on the motion on September 11, 2024, and issues the instant Order denying Plaintiffs' motion.

For the reasons set forth below, Plaintiffs' motion is denied.

**I. BACKGROUND**

The Stone Cabin Complex includes the Stone Cabin Herd Management Area (HMA), consisting of 407,706 acres, and the Saulsbury HMA, which contains 235,018 acres. Plaintiffs filed this action for injunctive and declaratory relief challenging the Bureau of Land Management (BLM)'s April 11, 2023 Stone Cabin Complex Wild Horse Gather Plan Environmental Assessment and associated Finding of No Significant Impact (FONSI)

(collectively, the Gather EA) as violating the Wild Free-Roaming Horses and Burros Act (WHA), 16 U.S.C. § 1331, *et seq.*, and National Environmental Policy Act (NEPA), 42 U.S.C. § 4321, *et seq.*

According to Plaintiffs, the Gather EA authorizes phased gathers over a period of ten years to maintain a wild horse population within the Appropriate Management Level (AML) for the complex. Plaintiffs claim the WHA requires that plans to remove wild horses from public lands must be carried out pursuant to herd management area plans (HMAPs), and BLM violated the regulations by not developing, updating, or considering any HMAP. Plaintiffs assert that BLM never prepared an HMAP for the Stone Cabin Complex, and no HMAP was ever created for the Saulsbury HMA. In 1983, BLM did adopt the Stone Cabin Valley HMAP (the 1983 HMAP) for the Stone Cabin HMA, but Plaintiffs allege that the Gather EA does not conform to the 1983 HMAP.

Plaintiffs further contend that BLM failed to take a "hard look" at the environmental consequences of its plan, as required under NEPA. Plaintiffs seek injunctive and declaratory relief to prevent BLM from implementing further herd management activities until it has complied with the WHA and its implementing regulations, NEPA, and the Administrative Procedures Act (APA).

On April 17, 2024, Defendants filed a notice of lodging the Administrative Record (AR).

On June 5, 2024, Plaintiffs filed this motion to complete and supplement the administrative record and request for judicial notice. Plaintiffs seek to complete and supplement the AR to include: (1) Documents describing how the current AMLs were determined for the herds in the Stone Cabin Complex; (2) Documents, studies, and assessments for the 1983 HMAP; (3) Documents for the 1997 Tonopah Range Management Plan (RMP); and

(4) Documents relevant to Plaintiffs' unlawfully withheld and unreasonably delayed claim. To the extent the court does not allow them to become part of the AR, Plaintiff asks that the court take judicial notice of these materials. Plaintiffs also seek judicial notice of various provisions of the Federal Register.

## II. DISCUSSION

### A. The Court's Review of BLM's Decision is Limited to the AR

The general rule is that "courts reviewing an agency decision are limited to the administrative record." *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005) (citation omitted). "The 'whole' administrative record … consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Lab.,* 885 F.2d 551, 555 (9th Cir. 1989) (emphasis and citations omitted).

> 'Supplementing' and 'completing' the AR are two distinct concepts: 'completing the record' refers to including 'materials which were actually considered by the agency, yet omitted from the administrative record,' whereas 'supplementing the record' refers to including 'materials which were not considered by the agency, but which are necessary for the court to conduct a substantial inquiry.'

*Bruce v. Azar*, 389 F.Supp.3d 716, 724 n. 5 (N.D. Cal. 2019) (quoting *Ctr. for Native Ecosystems v. Salazar*, 711 F.Supp.2d 1267, 1274 (D. Colo. 2010)).

Thus, a motion to complete the AR must be based on a showing that "an agency relied on documents or materials not included in the [AR]." *Id.*

For a motion to supplement the AR, the Ninth Circuit has recognized four exceptions to the general rule where courts have discretion to look beyond the AR:

> (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when

supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Lands Council,* 395 F.3d at 1030 (internal quotation marks and citation omitted). "These limited exceptions operate to identify and plug holes in the administrative record." *Id*. The exceptions "are narrowly construed and applied." *Id*. (citations omitted). This is to prevent the court from "proceeding, in effect, de novo, rather than with the proper deference to agency processes, expertise, and decision-making." *Id*.

"[A]n agency's statement of what is in the record is subject to a presumption of regularity." *Blue Mountains Biodiversity Project v. Jeffries,* 99 F.4th 438, 445 (9th Cir. 2024) (citation and quotation marks omitted). "Thus, barring clear evidence to the contrary, we presume that an agency properly designated the [AR]." *Id*. (citation and quotation marks omitted). "A party seeking to expand the scope of review bears a "heavy burden to show that the additional materials sought are necessary to adequately review" the agency's decision. *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010); *see also Blue Mountains*, 99 F.4th at 446 ("We place a thumb on the scale against supplementation of the AR[.]").

**B. Completion of the AR**

Plaintiffs argue the AR is incomplete because there are materials that were directly or indirectly considered by BLM. Plaintiffs do not, however, identify any specific documents or materials they contend were directly or indirectly considered by BLM that were not included in the AR. Therefore, Plaintiff's motion to complete the record is denied.

**C. Supplementation of the AR**

Plaintiffs contend the AR needs to be supplemented to address Plaintiff's claims that BLM has duties under the WHA and NEPA to: (1) create and consider land use plans and

4

HMAPs, (2) comply with its own decisions as adopted through Records of Decision (RODs), and (3) consider all factors relevant to ensuring that gather decisions are based on achieving a thriving natural ecological balance (TNEB).

Plaintiffs ask the AR be supplemented to include: (1) the 1996 Final Multiple Use Decision (FMUD) referenced in AML for the Saulsbury HMA; (2) any evidence, analysis or scientific studies that have been used to establish or re-calculate the current AMLs for the Stone Cabin Complex; (3) documents referenced within the 1983 HMAP to understand the plan's objectives and directives, and any evidence that BLM actually conducted the assessments and studies required by the 1983 HMAP; (4) the 1997 Tonopah RMP and documents referenced within the Tonopah RMP, including the 1994 (September) Nevada Rangeland Monitoring Handbook, Bureau Technical Guidelines, Nevada Grazing Management Manual Supplement and any assessments or studies conducted pursuant to the RMP; (5) all documents related to BLM's decision not to create an HMAP for the Stone Cabin Complex or Saulsbury HMA; (6) all documents addressing why they have not updated the 1983 HMAP; and (7) all documents regarding BLM's decision not to conduct the studies and assessments mandated by the 1983 HMAP.

### 1. Many of the Requests are Overbroad

The court agrees with Defendants that many of Plaintiffs' requests for supplementation of the AR are overbroad, including the request for: evidence, analysis or studies used to establish or re-calculate the current AMLs for the Stone Cabin Complex; evidence that BLM actually conducted the assessments and studies required by the 1983 HMAP; assessments or studies conducted pursuant to the Tonopah RMP; all documents related to BLM's decision not to create an HMAP for the Stone Cabin Complex or Saulsbury HMA; all documents addressing why BLM

has not updated the 1983 HMAP; and all documents related to BLM's decision not to conduct the studies and assessments required by the 1983 HMAP.

Plaintiffs must specifically identify documents that fall within the exceptions identified by the Ninth Circuit, instead of "merely speculating that such documents likely exist." *Bartell Ranch LLC v. McCullough*, No. 3:21-cv-00080-MMD-CLB, 2021 WL 6118738, at *4 (D. Nev. Dec. 27, 2021) (citations omitted). A Plaintiff "must identify the materials allegedly omitted from the record with sufficient specificity, as opposed to merely proffering broad categories of documents and data that are 'likely' to exist as a result of other documents that are included in the administrative record." *California v. U.S. Dep't of Labor,* No. 2:13-cv-02069-KJM-DAD, 2014 WL 1665290, at *5 (E.D. Cal. Apr. 24, 2014) (citation and quotation marks omitted); *Safari Club Int'l v Jewell*, No. CV-16-00094-TUC-JGZ, 2016 WL 7785452, at *2 (D. Ariz. July 7, 2016) (citations omitted) ("The moving party cannot merely assert that other relevant documents were before the agency but were not adequately considered, and must do more than imply that the documents at issue were in the agency's possession.").

**2. Many of the Requests Go to the Merits of Plaintiffs' Claims and Not to Supplementation of the AR**

Plaintiffs argue the AR must be supplemented to include documents regarding BLM's decision not to prepare an HMAP or updated HMAP before the Gather EA. However, Chief District Judge Du addressed this argument in *Leigh v. Raby*, No. 3:22-cv-00034-MMD-CLB, 2023 WL 2717327 (D. Nev. Mar. 30, 2023). This argument goes to the merits of Plaintiff's claims rather than to supplementation of the AR: "The Court does not need to order expansion of the AR to make a merits determination as to whether Defendants had to prepare a HMAP before conducting the gather—the Court must simply make a call on the law." *Id*. at *2-3. In other

words, "Plaintiffs' arguments as to BLM's failure to prepare a HMAP do not carry Plaintiffs' 'heavy burden to show that the additional materials sought are necessary to adequately review' Defendants' decision." *Id.* (quoting *Fence Creek Cattle Co.*, 602 F.3d at 1131).

The same reasoning applies to Plaintiffs' request to supplement the record with documents or evidence that BLM did not conduct assessments or studies required by the HMAP.

**3. Plaintiffs Have Not Met Their Burden With Respect to the Request for the 1996 FMUD or Evidence, Analysis, or Scientific Studies Used to Establish or Re-Calculate Current AMLs for the Stone Cabin Complex**

Plaintiffs seek to supplement the record with documents describing how the current AMLs were determined for Stone Cabin Complex, including a 1996 FMUD or evidence or studies used to establish or re-calculate the current AMAs for the Stone Cabin Complex.

According to BLM, the Gather EA does not set or adjust the AML, but instead uses AMLs that were previously established.

The 1996 FMUD is referenced in the AML for the Saulsbury HMA. The fact that a document is cited in something considered by the agency is insufficient grounds to supplement the record with the referenced document. *See Stevens v. United States Army Corps of Engineers*, No. 2:21-cv-01423-RAJ, 2023 WL 2138347 (W.D. Wash. Feb. 21, 2023) (citations and quotation marks omitted) ("Courts in the Ninth Circuit have continuously held that the 'consideration through citation' argument stretches the chain of indirect causation to its breaking point and cannot be a basis for compelling completion of an [AR]." Nor do Plaintiffs provide clear evidence that consideration of these materials is necessary for the court's determination of the issues or that the current record is inadequate.

### 4. Plaintiffs Have not Met Their Burden as to the Request for Documents Referenced Within the Tonopah RMP

Plaintiffs are not challenging the Tonopah RMP in this action. Again, the fact that something is cited within a document considered by the agency is insufficient grounds to order supplementation of the record. Plaintiffs fail to provide clear evidence that this information is necessary for the court to determine the issues. Insofar as Plaintiffs contend that BLM failed to consider or comply with the Tonopah RMP, they can simply make that argument as to the merits of their claims.

### C. Request for Judicial Notice

If the court denies the request to complete or supplement the AR, Plaintiffs request the court take judicial notice of specific documents referenced within the 1983 HMAP and Tonopah RMP. Plaintiffs also ask the court to take judicial notice of various provisions of the Federal Register.

Plaintiff's request for judicial notice of the documents for which it seeks supplementation of the AR is improper. If the court were to grant this request, such an order would merely circumvent the rules with respect to the AR and supplementation. *See Bartell Ranch,* 2021 WL 6118738, at * 2 (citing cases).

Plaintiff's request that the court take judicial notice of various provisions of the Federal Register is premature. In the course of this case, Plaintiffs may cite and request the court take judicial notice of a particular, relevant provision of the Federal Register.

///

///

///

### III. CONCLUSION

For the reasons stated herein, Plaintiffs' motion to complete and supplement the AR (ECF No. 27) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 19, 2024

_____
Craig S. Denney
United States Magistrate Judge